**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| **TIMOTHY CLARK**, **GEORGIA M. CLARK**, and **SHANICE L. OLIVER**, ) ) ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:18-cv-149 |
| ) | |
| **AMF BOWLING CENTERS, INC.**, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant AMF Bowling Centers, Inc. dba AMF Strike 'n Spare Lanes ("Defendant"),[1] files this Notice of Removal to the United States District Court for the Western District of Missouri, Western Division. Removal is proper based on the following grounds:

## I. Facts

1. On or about September 7, 2017, Plaintiffs Timothy Clark ("Timothy Clark"), Georgia Clark ("Georgia Clark"), and Shanice Oliver ("Oliver") (referred to collectively as "Plaintiffs") initiated a civil action captioned *Timothy Clark, Georgia M. Clark, and Shanice L. Oliver v. AMF Bowling Center*, Case No. 1716-CV21765, in the Circuit Court of Jackson County, Missouri (the "State Court Action").

2. The Complaint filed in the State Court Action alleges that Defendant discriminated against Plaintiffs by failing to follow its own policy and rules as applicable to Plaintiffs. Complaint, ¶¶ 5-6.

3. The Civil Cover Sheet Associated with this *Notice of Removal* is attached hereto

---

[1] Defendant was improperly named in Plaintiffs' Petition.

as Exhibit A.  True and correct copies of all the process, pleadings, and orders in the State Court Action that have been received by Defendant are attached hereto as Exhibit B.

4.      Defendant was notified of this filing on or about February 1, 2018 when Defendant received an unsigned copy of the Complaint by mail at the address of AMF Strike 'n Spare Lanes, 13001 E US Highway 40, Independence, MO 64055. Defendant has yet to be properly served with a copy of the Summons and Petition.

5.      This Notice of Removal is being filed in accordance with 28 U.S.C. § 1446(b) and is, therefore, timely.  *Bullard v. Am. Airlines*, 929 F. Supp. 1284, 1286 (W.D. Mo. 1996).

6.      Defendant has not filed an Answer or other pleading in the State Court Action.

## II.      **This Court has Diversity Jurisdiction**

7.      Plaintiff Timothy Clark alleges that he is a resident of the State of Missouri. Complaint ¶ 1.  Therefore, Defendant believes in good faith that Plaintiff Timothy Clark is a citizen of the State of Missouri for purposes of diversity jurisdiction.

8.      Plaintiff Georgia Clark alleges that she is a resident of the State of Missouri. Complaint ¶ 2.  Therefore, Defendant believes in good faith that Plaintiff Georgia Clark is a citizen of the State of Missouri for purposes of diversity jurisdiction.

9.      Plaintiff Oliver alleges that she is a resident of the State of Missouri.  Complaint ¶3.  Therefore, Defendant believes in good faith that Plaintiff Oliver is a citizen of the State of Missouri for purposes of diversity jurisdiction.

10.      Plaintiffs correctly allege that Defendant does business in Jackson County, Missouri.  Petition ¶ 4.  However, Defendant is a Virginia corporation with its principal place of business in Mechanicsville, Virginia.  Thus, Defendant is a citizen of a state other than Missouri. *See* 28 U.S.C. 1332(c)(1) and Exhibit C – Defendant's Annual Reports filed with the Missouri

2

Secretary of State and the Virginia Secretary of State.

11. Complete diversity therefore exists among the parties to the Petition.

12. It is readily evident that a fact finder could legally conclude that the damages Plaintiffs seek exceed the jurisdictional requisite of $75,000 based on (1) the extensive allegations and prayers for damages under Plaintiff's claims and (2) the availability under the MHRA of significant damages, including compensatory and punitive damages, as well as attorneys' fees on these claims.

13. The United States Supreme Court and the Eighth Circuit have long instructed that whether the amount in controversy is satisfied is determined based on the damages that Plaintiffs seek in their petition, to which they might be entitled under the controlling law for the claims pled. In other words, if Plaintiffs have articulated a legal basis for a potential award of damages which might satisfy the jurisdictional amount, then federal jurisdiction exists. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 89, 58 S.Ct. 586, 590 (1938); *Kopp v. Kopp*, 280 F.3d 883, 884-885 (8th Cir. 2002).

14. Plaintiffs allege numerous types of damages available for alleged violation of the MHRA, which could reasonably exceed $75,000. Most notably, Plaintiffs seek recovery on their claims for "emotional pain and suffering and both temporary and permanent injuries. Plaintiff's damages for said actions of the Defendant are in excess of $50,000." Further, Plaintiffs pray that the Court "grant judgment in an amount in excess of $50,000.00 against Defendant, together with costs and expenses and any other relief the Court may find just and equitable." (*See* Complaint at ¶7 and the Wherefore clause). The MHRA specifically allows for recovery of punitive damages. R.S. Mo. § 213.111.2.

3

15.    In calculating the amount in controversy, a party seeking removal of a civil action to federal court may include, among other potential recoveries, a plaintiff's claims for punitive damages and for emotional distress. *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001); *see also Embry v. Everest College*, 2016 WL 468012 (W. D. Mo. September 6, 2016) (stating that "damages for emotional distress, punitive damages . . . may be considered when assessing whether the amount in controversy has been met"); *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1107 (S.D. Iowa 2010) (finding it "rational to include the future legal expenses in calculating the amount in controversy").

16.    Plaintiffs' explicitly pray for a judgment against Defendant in excess of $50,000.00 in their Complaint together with costs and expenses. (*See* Wherefore clause of Plaintiffs' Complaint). This prayer for relief alone creates a high probability that Plaintiffs are each seeking to recover damages in excess of $75,000.00 should they prevail in a jury trial.

17.    The claims made by Plaintiffs permit recovery of compensatory damages, and punitive damages. If successful, then, there is a reasonable possibility that each of Plaintiffs' punitive or compensatory damages, alone, would exceed $75,000.00 based on damage awards in recent MHRA lawsuits. *See, e.g., O'Geay v. Blue Ridge Imports, Inc., d/b/a Lee's Summit Mazda*, 1416CV10093 (Cir. Ct. Jackson County, Mo., 2016) (awarding plaintiff $343,000.00 in punitive and actual damages); *Newsome v. Kansas City Mo., Sch. Dist*., No. 1316CV00683 (Cir. Ct. Jackson County, Mo., 2013) (awarding plaintiff $500,000.00); *see also*, *Brand v. Kansas City Gastroenterology*, No. 0716CV20975 (Cir. Ct. Jackson County, Mo., 2007) (awarded plaintiff $406,074.00).

18.    Accordingly, this action is one under which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and (2), and which may be removed to this Court pursuant to

4

28 U.S.C. §1441.

**III.     Venue is appropriate in this Court**

19.     Removal to this court is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the federal district court embracing the Circuit Court of Jackson County, Missouri, where the State Court Action was filed.  Removal to the Western Division of this Court is proper pursuant to Local Rule 3.2.

20.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, including but not limited to improper service of process, lack of personal or subject matter jurisdiction, Plaintiffs' failure to state any claims upon which relief may be granted, or Plaintiffs' failure to exhaust administrative remedies.

21.     A copy of this *Notice of Removal* and exhibits hereto has been served upon Plaintiffs, and, together with a Notice of Filing of Removal, will be filed with the Clerk of the Circuit Court of Jackson County, Missouri.

WHEREFORE, Defendant prays that further proceedings in the Circuit Court of Jackson County, Missouri, be discontinued and that said Case Number: 1716-CV21765 now pending in the Circuit Court of Jackson County, Missouri, be removed to the United States District Court for the Western District of Missouri, Western Division, and that such Court assume full jurisdiction of such action as provided by law.

Dated:  February 23, 2018                    Respectfully submitted,


                                             JACKSON LEWIS P.C.


                                             */s/ Kyle B. Russell*
                                             Kyle B. Russell, MO Bar #52660
                                             Janelle L. Williams, MO Bar #64242
                                             7101 College Blvd, Suite 1200
                                             Overland Park, KS 66210
                                             Telephone:  (913) 981-1018
                                             Facsimile:  (913) 981-1019
                                             Kyle.Russell@jacksonlewis.com
                                             Janelle.Williams@jacksonlewis.com

                                             **ATTORNEYS FOR DEFENDANTS**

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2018, a true copy of the foregoing Notice of Removal was filed electronically via the court's CM/ECF electronic filing system and was sent via first-class U.S. mail, postage prepaid, to the following:

Timothy Clark
8510 East U.S. Highway 40
Kansas City, MO 64129

Georgia Clark
8510 East U.S. Highway 40
Kansas City, MO 64129

Shanice Oliver
10009 Walnut Drive, Apt. 103
Kansas City, MO 64114

**PRO SE PLAINTIFFS**

*/s/ Kyle B. Russell*
**AN ATTORNEY FOR DEFENDANT**